SOUTHERN RAILWAY CO.

v.

Hugh V. WELCH.

No. 13020.

United States Court of Appeals
Sixth Circuit.

July 11, 1957.

Clyde W. Key, Knoxville, Tenn., for appellant.

Francis W. Headman, Knoxville, Tenn., for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

This appeal grows out of a judgment of the District Court in an action for personal injuries under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The case was tried without the intervention of a jury.[1]

Plaintiff, a machine-grinder operator, was employed at defendant's rail reclamation yard in Knoxville, Tennessee. Plaintiff's work was to smooth off sharp burrs from the end of reclaimed rails by grinding them with an emery wheel. About 200 rails were ground in one day, each rail weighing approximately 1,600 pounds. Plaintiff was compelled to pull the rails partly crosswise of certain rollers supported by tables three feet high upon which the rails were carried to be cut and ground. As a result of an injury to his back during this pulling operation, duly reported, plaintiff ruptured a disc between the 4th and 5th vertebrae. Two physicians testified to the effect that the rupture was traumatic. One of them stated that during the course of this heavy work for four years plaintiff's disc had worn thin "just like a pair of shoes" and had finally ruptured this particular day. The second physician said that the "lifting injury" sustained on the day charged had produced a weakness which later caused the rupture of the disc. It was shown that plaintiff has sustained both partial and permanent disability.

■■ Defendant urges first that no negligence on its part was shown. As to the principal negligence alleged, which was that defendant failed to furnish adequate assistance, defendant contends that plaintiff was performing "what was always a one-man job." However, it appears by substantial evidence that upon the day of the injury circumstances of particular difficulty existed. The grit, grime, tar and dirt on the rails were excessive and required additional force to pull the rails into proper position. Under such circumstances it had been defendant's previous practice to assign an extra man to assist the grinder. This is not denied. So far as this record shows the extra man was furnished without request. Upon this and the other issues of fact in the case the findings of the District Court are not clearly erroneous, and are binding here.

■ The employer is under the nondelegable obligation of providing sufficient help for the particular task. Chesapeake & Ohio Railway Company v. Winder, 4 Cir., 23 F.2d 794. No duty required of the employer for the safety and protection of his servants can be transferred so as to exonerate him from such liability. Northern Pacific Railroad Company v. Herbert, 116 U.S. 642, 647, 6 S.Ct. 590, 29 L.Ed. 755. In this case the Supreme Court cited with approval a decision of the Court of Appeals of New York, Flike v. Boston & Albany Railroad Company, 53 N.Y. 549, which held the railroad liable for an accident caused by an insufficient number of brakemen on the cars of the company (116 U.S. 649, 6 S.Ct. 593). Whether the employer has failed to perform his duty is a question of fact for the jury or, on trial without jury, for the court. Kansas City Stockyards Company of Maine v. Anderson, 8 Cir., 199 F.2d 91.

■ Defendant's second contention arises out of the fact found by the District Court, that plaintiff did not request additional help nor make use of the help available. It urges that these facts bar recovery and require reversal. These objections, however, are based essentially on the doctrines of assumption of risk and of contributory negligence. But, since the enactment of 1939, 45 U.S.C.A. Section 51 et seq., "every vestige of the doctrine of assumption of risk" has been eliminated from the Federal Employers' Liability Act. Tiller v. Atlantic Coast Line Railroad Company, 318 U.S. 54, 63

---

1. The parties will be denominated as in the court below.

S.Ct. 444, 446, 87 L.Ed. 610. See also Thompson v. Camp, 6 Cir., 163 F.2d 396, 402, which held that neither assumption of risk nor contributory negligence is a bar under the present Act.

The decisions relied on by defendant do not lay down a hard and fast rule with reference to the necessity of protest or request for additional necessary assistance. Protest or request by the employee for additional help may, considered with other circumstances, constitute evidence of the employer's negligence. Stone v. New York, Chicago & St. Louis Railroad Company, 344 U.S. 407, 73 S.Ct. 358, 97 L.Ed. 441, and Blair v. Baltimore & Ohio Railroad Company, 323 U.S. 600, 65 S.Ct. 545, 89 L. Ed. 490. Cf. Wadiak v. Illinois Central Railroad Company, 7 Cir., 208 F.2d 925. In both the Stone and Blair cases, supra, the protest made by the plaintiff against what he considered inadequate assistance was mentioned as one of the circumstances indicating negligence. In neither case, however, did the Supreme Court declare that lack of protest in every case of inadequate help would exonerate the employer from performance of its duty.

In fact, Blair v. Baltimore & Ohio Railroad Company, supra, and Stone v. New York, Chicago & St. Louis Railroad Company, supra, support plaintiff's position, for each of these cases held that the evidence was sufficient to go to the jury on the issue of negligence and each of them reversed a case in which the plaintiff's case had been taken from the jury in a state court upon the ground of assumption of risk.

Here no new situation is presented; the particular operation had been performed regularly for several years by plaintiff. He was not aware that his disc had worn thin. The assignment by the foreman of additional help on days of unusual difficulty was not shown to have been conditioned upon a request from plaintiff. Defendant, in fact, presented no evidence and plaintiff's evidence showed that it was the foreman's duty, as in past instances of this kind, to ameliorate the situation in performance of the employer's obligation.

The latest declarations of the Supreme Court of the United States on this point are found in Rogers v. Missouri Pacific Railroad Company, 352 U.S. 500, 77 S. Ct. 443, 448, 1 L.Ed.2d 493, and in Thomson v. Texas & Pacific Railway Company, 353 U.S. 926, 77 S.Ct. 698, 1 L.Ed.2d 722. In the Rogers case the Supreme Court holds "the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that * * * the jury may also with reason * * * attribute the result to other causes, including the employee's contributory negligence."

The District Court found, we think not erroneously, that the employer's negligence played some part here.

Defendant also urges that plaintiff is barred from recovery, because the sole proximate cause of plaintiff's injury was plaintiff's failure to ask for assistance. But this contention must be overruled for the reason already stated that contributory negligence is not a bar to the action. The issues, both of negligence and causation, were questions of fact decided, not erroneously, by the District Court. Cf. Stone v. New York, Chicago & St. Louis Railroad Company, supra, 344 U.S. 409, 73 S.Ct. 359.

The District Court made a substantial reduction in the amount of plaintiff's recovery on account of plaintiff's failure to request assistance. Under the present statute this is the only way in which contributory negligence affects the outcome. Title 45 U.S.C.A. § 53.

The judgment is affirmed.