952 F.2d 396
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John M. KNIERIEM, Plaintiff-Appellant,
v.
CSX TRANSPORTATION, INCORPORATED, Defendant-Appellee.
 No. 91-1060.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 2, 1991.
Decided Dec. 23, 1991.
As Amended Jan. 7, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-90-1742-JFM)
 Argued: William W. McVay, Pittsburgh, Pa., for appellant.
 Stephen Bennett Caplis, Whiteford, Taylor & Preston, Baltimore, Md., for appellee.
 On Brief: H. Russell Smouse, Whiteford, Taylor & Preston, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER and NIEMEYER, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, Sitting by Designation.
 OPINION
 PER CURIAM:
 
 
 1
 This matter comes before the court on appellant John M. Knieriem's (Knieriem) challenge to the district court's grant of summary judgment in favor of appellee CSX Transportation, Inc. (CSXT). We affirm.
 
 I.
 
 2
 Knieriem worked for CSXT as an engineer or fireman for almost ten years prior to his injury on March 23, 1989. On this date Knieriem was the engineer on a locomotive which was to take a train from Cumberland to Brunswick, Maryland. Knieriem's crew consisted of a conductor, flagman and a head brakeman named Eady. Before the accident, Knieriem connected his locomotive (or "power") to the train and moved to a position one mile out on the tracks.[1]
 
 
 3
 Knieriem then inspected his train for the first time and discovered a side door on the locomotive had been left open. Knieriem claims the door needed to be closed for safety reasons and should have been shut by the ready track foreman. CSXT does not dispute these allegations.
 
 
 4
 Knieriem attempted to shut the door with the assistance of Eady, the brakeman. As both men were lifting the door Knieriem injured his back. Knieriem admits that on previous occasions when the door was left open he would call the shop and have someone come out and close it. Knieriem also admits he was under no time pressure to close the door because his train was not on a schedule.
 
 
 5
 Knieriem seeks recompense for his injuries under two federal statutes: (i) the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51; and (ii) the Boiler Inspection Act ("BIA"), 45 U.S.C. § 23. In the court below, Knieriem alleged CSXT was negligent for failing to shut the side locomotive door.[2] The district court held that even if CSXT had a duty to shut the door, a breach of this duty could not have caused Knieriem's injury. Accordingly, the district court granted CSXT's motion for summary judgment and dismissed Knieriem's entire complaint. It is from this order that Knieriem appeals.
 
 II.
 
 6
 On appeal, we review summary judgments de novo, using the same standards applied by the district court. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir.1990). Summary judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. In the context of a FELA suit, the "test of a jury case is simply whether the proofs justify within reason the conclusion that employer negligence played any part, even the slightest, in producing injury ... for which damages are sought." Rodgers v. Missouri Pacific R.R. Co., 352 U.S. 500, 506 (1957). Stated somewhat differently, Knieriem has the burden of producing some evidence indicating CSXT was negligent and this negligence was the proximate cause of his injuries. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Hurley v. Patapsco & Back Rivers R.R. Co., 888 F.2d 327 (4th Cir.1989).
 
 
 7
 Knieriem alleges CSXT was negligent by failing to inspect the locomotive at the ready track. In his brief he relies heavily on Southern Railway Co. v. Welch, 247 F.2d 340 (6th Cir.1957). In Welch, the plaintiff was a machine-grinder operator whose job required him to pull steel rails across a set of rollers. During the performance of this task he injured his back and subsequently sued his employer under the FELA.
 
 
 8
 The court in Welch began with the proposition that an employer "is under the nondelegable obligation of providing sufficient help for the particular task." Id. at 340. The court rejected the railroad's argument the plaintiff could not recover as he did not request additional help or make use of the help available. The court likened this argument to a claim based on assumption of risk or contributory negligence, defenses which have no bearing on whether plaintiff has presented a jury issue on negligence. Id. See also Taylor v. Burlington Northern R. Co., 787 F.2d 1309 (9th Cir.1986).
 
 
 9
 Welch is distinguishable from the present situation as Knieriem is an engineer. He is not responsible for outfitting the locomotive. If he were a shop foreman, then perhaps Welch would control. The facts of this case are more analogous to Wadiak v. Illinois Cent. R. Co., 208 F.2d 925 (7th Cir.1953), a case relied upon by the court below. In Wadiak, the plaintiff was injured while manually moving a barrel instead of using a hoist provided by the railroad. The Seventh Circuit reversed a jury verdict for the plaintiff stating in part "he [plaintiff] was not injured because he needed help and did not have it but because he saw fit not to ask for help." Id. at 930.
 
 
 10
 The facts of the present case fit squarely within the holding in Wadiak. Knieriem could have asked the shop foreman to shut the side door on the locomotive as he had done in the past. Nor was Knieriem under any time pressure which would have caused him to shut the door himself. In the words of the district court:
 
 
 11
 Incidents sometimes occur which are not the fault of anyone. This plainly appears to be the situation here. The only person who could be conceivably faulted (and I do not believe that he should be) is Knieriem himself for taking on the job of closing the door which was beyond his responsibility.
 
 III.
 
 12
 Although the district court dismissed Knieriem's entire complaint, the memorandum opinion does not address Knieriem's allegations under the BIA. CSXT contends that Knieriem cannot raise his BIA claim before this court as he did not raise this issue before the district court. Although there is some merit in this contention, we need not resolve this dispute as the record indicates there is no genuine issue of material fact in dispute. Knieriem's complaint under the BIA fails even if we accept Knieriem's allegations that the door in question was in fact rusted.
 
 
 13
 The BIA prohibits railroads from operating a locomotive unless the "locomotive, its boiler, tender, and all parts and appurtenances thereof are in proper condition and safe to operate in the service to which the same are put ..." 45 U.S.C. § 23. The BIA requires railroads to "maintain their locomotives in safe and proper condition." Mosco v. Baltimore & Ohio R.R., 817 F.2d 1088, 1090 (4th Cir.), cert denied, 484 U.S. 851 (1987).
 
 
 14
 Even if we were to assume that the locomotive in question was defective, Knieriem still has the burden of producing some evidence indicating that the defect was the proximate cause of his injuries. However, the record indicates that Knieriem's injuries were the result of his performing a task outside the scope of his responsibility. Knieriem would not have been injured but for the fact that he decided to close the side door himself (with the help of his brakeman), instead of having the railroad do it for him. This conclusion is independent of whether the side door was actually rusted, or welded shut for that matter.
 
 
 15
 For the reasons stated in this opinion, the judgment of the district court is
 
 
 16
 AFFIRMED.
 
 WIDENER, Circuit Judge, concurring:
 
 17
 I concur in the result and in Parts I and II of the opinion.
 
 
 18
 I concur in the result of the decision with respect to the Boiler Inspection Act because that statute was not offered as opposition to summary judgment in the district court, and we do not ordinarily consider such matters on appeal. McGowan v. Gillenwater, 429 F.2d 586 (4th Cir.1970).
 
 
 
 [1]
 CSXT's policy was to have trains inspected away from the ready track in order to prevent initial terminal delay. This policy was changed prior to Knieriem's injury
 
 
 [2]
 It is undisputed that CSXT is liable for any negligence by the shop foreman