McKEITHAN v. CSX TRANSPORTATION, INC.

[113 N.C. App. 818 (1994)]

Reversed and remanded.

Judges ORR and JOHN concur.

━━━━━━━━━━

RONALD W. McKEITHAN, Plaintiff v. CSX TRANSPORTATION, INC., Defendant

No. 9312SC25

(Filed 1 March 1994)

**Labor and Employment § 216 (NCI4th) — F.E.L.A. action — failure to provide equipment — foreseeability of injury — summary judgment inappropriate**

A genuine issue of fact existed in an action under the F.E.L.A. as to whether defendant railroad should have foreseen that plaintiff signal maintainer might be injured as a result of its failure to provide plaintiff with equipment or assistance to move spools of wire where plaintiff's forecast of evidence tended to show that plaintiff worked alone repairing and maintaining signalling equipment; plaintiff was directed to repair a downed line in his territory and knew that he would need 9-gauge wire to make the necessary repair, but he did not know the amount of the wire needed; plaintiff injured his back while loading a 300-pound spool of wire onto his truck; although plaintiff had never complained to defendant about the size of the spools of wire, he had heard other employees complain about the size and weight of the spools; and at least some of the service trucks used by crews that installed signal equipment had booms for loading spools of wire.

**Am Jur 2d, Federal Employers' Liability and Compensation Acts § 76.**

Appeal by plaintiff from order entered 28 October 1992 by Judge George R. Greene in Cumberland County Superior Court. Heard in the Court of Appeals 18 November 1993.

Plaintiff filed this action against his employer, CSX Transportation, Inc. (CSX), under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60 (FELA), alleging that he sustained a work related

McKEITHAN v. CSX TRANSPORTATION, INC.

[113 N.C. App. 818 (1994)]

injury which was proximately caused by defendant's negligence. Prior to his injury, plaintiff had worked for defendant's signal department for approximately seven and one half years. For several years he worked with a crew which was responsible for installing poles, wires, signal equipment and the like. He was then promoted to the position of signal maintainer, the position he held at the time of his injury. As a signal maintainer, plaintiff worked by himself within a certain geographical territory repairing and maintaining various types of signalling equipment.

On 12 September 1988, plaintiff's supervisor advised plaintiff that a line was down within his territory. From experience, plaintiff knew that he would need 9-gauge wire to make the necessary repair; he did not know, however, what amount of wire would be required. Plaintiff drove his truck to the supply shed where the wire was stored, backed his truck to the loading dock, and lowered the truck's tailgate onto the loading dock. The tailgate was positioned so that it was resting on the floor of the loading dock and inclined upward to the point where it connected to the truck. Plaintiff then entered the supply shed and obtained a spool of 9-gauge wire containing 5,300 feet of wire and weighing approximately 300 pounds. Plaintiff tipped the spool onto its side and rolled it to where the truck's tailgate rested on the loading dock floor. Due to the thickness of the tailgate, the spool would not roll onto the tailgate so that plaintiff could push it onto the bed of the truck. Plaintiff testified that there was no one available to help him load the wire onto the truck and no equipment furnished with which to load the spool. Plaintiff therefore attempted to lift the spool over the lip of the tailgate by hand. While lifting the spool, plaintiff felt and heard a "pop" in his back. He immediately experienced pain in both legs and in his testicles and fell backwards onto the floor of the loading dock. Subsequently, however, plaintiff was able to get the spool of wire onto the truck and to complete the repair of the downed line. He reported his injury to his supervisor at the end of his shift the same day.

In his deposition, plaintiff testified that on previous occasions he had moved partial spools of wire and had loaded them onto trucks by hand. This, however, was the first time he had attempted to manually load a full spool of wire onto his truck by himself. He had never told anyone that he needed a boom on his truck and had never complained to his employer about the size of the spools, although he had heard others complain. He also testified

that when he worked on a signal crew, the service truck used by the crew was equipped with a boom which was used to load spools of wire. Plaintiff did not think he needed assistance loading the spool and therefore did not request his supervisor to provide him with assistance.

The trial court granted defendant's motion for summary judgment. Plaintiff appealed.

*Blanchard, Twiggs, Abrams & Strickland, P.A., by Jerome P. Trehy, Jr., and Savage & Schwartzman, P.A., by Irving Schwartzman and Ira E. Hoffman, for plaintiff-appellant.*

*Maupin Taylor Ellis & Adams, P.A., by John C. Millberg and James C. Dever, III, for defendant-appellee.*

MARTIN, Judge.

The sole issue raised by this appeal is whether it was error to grant defendant's motion for summary judgment. We conclude that summary judgment was improvidently granted.

A party seeking summary judgment has the burden of showing, based on pleadings, depositions, answers, admissions, and affidavits, that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). The evidence must be viewed in the light most favorable to the non-movant. *Clark v. Brown*, 99 N.C. App. 255, 259-60, 393 S.E.2d 134, 136, *disc. review denied*, 327 N.C. 426, 395 S.E.2d 675 (1990). The evidentiary materials offered by the movant "are carefully scrutinized and those of the opposing party are on the whole indulgently regarded." *Vassey v. Burch*, 301 N.C. 68, 72-73, 269 S.E.2d 137, 140 (1980) *quoting* 6 Pt. 2 Moore's Federal Practice, § 56.15[8] at 642 (2d ed. 1980). The movant may meet its summary judgment burden by showing either (1) an essential element of the non-movant's claim is nonexistent, or (2) the non-movant cannot produce evidence to support an essential element of his claim. *City of Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 654, 268 S.E.2d 190, 193 (1980). However, summary judgment is rarely appropriate for negligence issues. *Williams v. Power & Light Co.*, 296 N.C. 400, 250 S.E.2d 255 (1979).

Under FELA, an employer is not an insurer of the safety of its employees, but it owes them a continuing duty to provide a reasonably safe work place. *Kimbler v. Pittsburgh & L.E.R.*,

Co., 331 F.2d 383 (1964); *Fluck v. Norfolk & Western Railway Co.*, 334 F. Supp. 433 (1971). The duty to provide a safe work place is nondelegable, *Shenker v. Baltimore & Ohio R. Co.*, 374 U.S. 1, 10 L.Ed.2d 709 (1963), and includes a duty to provide employees with the equipment and assistance necessary to complete the tasks assigned. *Blair v. Baltimore & O. R. Co.*, 323 U.S. 600, 89 L.Ed. 490 (1944); *Atlantic Coast Line R. Co. v. Dixon*, 189 F.2d 525 (1951), *cert. denied*, 342 U.S. 830, 96 L.Ed. 628 (1951); *Beeber v. Norfolk Southern Corp.*, 754 F. Supp. 1364 (1990). However, an employer will not be held liable for an employee's injury if it had no reasonable way of knowing about the hazard that caused the injury. *Peyton v. St. Louis Southwestern Ry. Co.*, 962 F.2d 832 (1992).

Under federal law, FELA is accorded a liberal construction; recovery should be allowed if the employing railroad's negligence played any part, even the slightest, in causing the employee's injury. *Rogers v. Missouri P. R. Co.*, 352 U.S. 500, 1 L.Ed.2d 493, *reh'g denied*, 353 U.S. 943, 1 L.Ed.2d 764 (1957); *Webb v. Illinois C. R. Co.*, 352 U.S. 512, 1 L.Ed.2d 503, *reh'g denied*, 353 U.S. 943, 1 L.Ed.2d 764 (1957). Even so, the usual common law criteria of negligence, which include reasonable foreseeability that the defendant's action or omission might result in injury, must be met. *Beeber, supra.* However, neither contributory negligence nor assumption of the risk is a bar to a FELA claim. 45 U.S.C. §§ 51, 53; *Southern Railway Co. v. Welch*, 247 F.2d 340 (1957). The leniency of the test for negligence under FELA may be clearly illustrated by the decision in *Gallick v. Baltimore & Ohio R. Co.*, 372 U.S. 108, 9 L.Ed.2d 618 (1963), where the Court upheld a verdict in favor of a railroad foreman for injuries sustained as a result of his being bitten by an insect while he was working near a pool of stagnant water. The Court reasoned that the evidence was sufficient to permit a finding that the defendant was negligent in allowing a fetid pool to exist and that it was reasonably foreseeable that harm could result. The evidence presented a jury issue as to whether the infected insect which bit the plaintiff had come from the pool.

Despite the leniency with which FELA claims are viewed, defendant contends that it is entitled to summary judgment because it showed that an essential element of plaintiff's claim, namely foreseeability, is nonexistent. Defendant argues that it had neither actual nor constructive notice of the hazard that caused plaintiff's

injury because it had received no complaints about the spools and there had been no previous similar occurrences. Without such notice, defendant contends that it could not have reasonably foreseen the hazard which caused plaintiff's injury. We disagree.

In response to questioning by defendant's counsel at his deposition, plaintiff testified that although he had never complained to defendant, he had heard other employees complain about the size of the spools of wire. Defendant, as purchaser of the 300 pound spools of wire, is chargeable with knowledge of their size and weight. Additionally, defendant knew that plaintiff worked alone within his assigned geographical territory and that his duties required him to repair downed signal lines using the spools of 9-gauge wire. On the date of the injury, plaintiff was directed to repair the downed line, but was provided no information as to what amount of wire would be needed to make the repair, so that it was reasonably foreseeable that plaintiff would take an entire spool of wire on his assignment. Despite the weight and size of the spools of wire, defendant did not provide plaintiff with equipment or assistance with which to safely load the wire onto his truck. That defendant knew of the dangers inherent in loading the spools of wire may be inferred from the evidence that at least some of its trucks were equipped with booms to facilitate the loading of heavy materials.

We hold that this evidence, viewed in the light most favorable to plaintiff, is sufficient to permit an inference that defendant had at least constructive notice that its failure to provide plaintiff with equipment or assistance to move the spools of wire, might result in injury. Therefore, a genuine issue of fact exists as to whether defendant should have foreseen that plaintiff might be injured as a result of its failure to provide plaintiff with assistance or equipment which would facilitate his gathering of the supplies necessary for the performance of his duties. Summary judgment for defendant must be reversed and this case remanded to the trial court for resolution of the factual issues.

Reversed.

Judges GREENE and JOHN concur.