LAYMON L. LEWIS, PLAINTIFF-APPELLANT v. CARL F. BLACKMAN AND WIFE, GLADYS H. BLACKMAN; CARL FRANKLIN BLACKMAN, JR., AND WIFE, PAT BLACKMAN; GARY D. BLACKMAN AND WIFE, DEBRA BLACKMAN; AND SHARON B. STRICKLAND AND HUSBAND, DALLAS FLOYD STRICKLAND, DEFENDANT-APPELLEES

No. 9311SC1002

(Filed 20 September 1994)

1. **Fraudulent Conveyances § 20 (NCI4th)— fraudulent conveyance of property—improper statute alleged in complaint—complaint adequate to give notice**

Plaintiff's complaint adequately stated a claim under N.C.G.S. § 39-15, which provides that conveyances of property may be voided upon showing an intent to defraud creditors and others, though the complaint actually alleged N.C.G.S. § 39-17, which requires that plaintiff be a "creditor" on the date property was transferred, since the complaint gave sufficient notice of plaintiff's claim to enable defendants to answer and prepare for trial.

**Am Jur 2d, Fraudulent Conveyances §§ 209 et seq.**

2. **Fraudulent Conveyances § 30 (NCI4th)— fraudulent conveyance of property—summary judgment improper**

The trial court erred in entering summary judgment for defendants because a genuine issue of material fact existed as to whether defendants' transfer of property was a fraudulent conveyance under N.C.G.S. § 39-15 where plaintiff claimed that defendants transferred their property to their children, reserving a life estate for themselves, in order to avoid having sufficient assets to pay plaintiff for injuries sustained in an automobile accident caused by defendant wife, but defendants offered depositions and affidavits to show that the transfers were made as a part of an ongoing estate plan of defendants to equalize distribution of their estate among their children.

**Am Jur 2d, Fraudulent Conveyances § 228.**

3. **Fraud, Deceit, and Misrepresentation § 38 (NCI4th)— defendant's fraud in obtaining husband's signature on deed—summary judgment for defendant's error**

The trial court properly granted summary judgment for defendant on plaintiff's claims of lack of mental capacity, duress, and undue influence, but erred in granting summary judgment on plaintiff's claim of fraud where plaintiff forecast sufficient evidence that defendant wife withheld infomation from defendant husband, fraudulently obtaining his signature on a deed.

**Am Jur 2d, Fraud and Deceit §§ 481 et seq.**

Appeal by plaintiff from order entered 12 July 1993 by Judge B. Craig Ellis in Johnston County Superior Court. Heard in the Court of Appeals 24 May 1994.

*Mast, Morris, Schulz & Mast, P.A., by George B. Mast, Bradley N. Schulz and Christi C. Stem, for plaintiff appellant.*

*Thomas S. Berkau for defendant appellees.*

COZORT, Judge.

On 10 February 1992, Carl F. Blackman, Sr., suffered a brain aneurysm and was admitted to the cardiac unit of Wake Medical Center in Raleigh, North Carolina. Nine days later, plaintiff Laymon L. Lewis was injured when the vehicle he was driving was struck by an automobile owned by Carl F. Blackman and driven by his wife, Gladys

H. Blackman. Mrs. Blackman did not tell her husband about the automobile accident. On 29 February 1992, while Mr. Blackman was still in the hospital cardiac unit, Mr. and Mrs. Blackman executed deeds conveying all of their real estate to their children, reserving a life estate. Shortly thereafter, alleging several claims, plaintiff Lewis filed an action to have the deeds executed by Mr. and Mrs. Blackman declared null and void and requesting the court to declare a resulting trust for the benefit of the plaintiff on the property conveyed in the deeds. Defendants answered and on 13 May 1993, defendants moved for summary judgment. Plaintiff moved for summary judgment on 24 May 1993. In an order entered 9 July 1993, the trial court granted defendants' motion for summary judgment. We find defendants were not entitled to summary judgment on plaintiff's claim of fraudulent conveyance and fraud. We reverse that portion of the trial court's order and remand for further proceedings.

We first observe that the record on appeal filed in this case is incomplete. The record includes copies of unsigned pleadings and does not include the responses to pleadings which ordinarily compel a response. The parties do not disagree on the essential elements of the procedural history of the case, and we will proceed as if the record had been properly compiled.

The original complaint which initiated this action was not made a part of the record on appeal. An amended complaint was filed on 13 July 1992. In that amended complaint, plaintiff alleged that defendants Carl F. Blackman and Gladys H. Blackman did not have sufficient assets or property to pay plaintiff for his injuries and failed to retain sufficient assets or property to pay plaintiff. Plaintiff alleged the transfers to family members were a violation of N.C. Gen. Stat. § 39-17. It appears plaintiff filed, sometime thereafter, an amended complaint where, in addition to his claim under N.C. Gen. Stat. § 39-17, plaintiff alleged claims for (1) lack of consideration, (2) undue influence, (3) duress, (4) mental incapacity, and (5) fraud. Defendants' answer to that amended complaint does not appear in the record. It appears the trial court considered all of the claims alleged in the amended complaint and granted summary judgment for defendants on all claims. In his brief, plaintiff contends the trial court erred in entering summary judgment on all claims set forth in the amended complaint. We first address plaintiff's claim of fraudulent conveyance under Chapter 39 of the General Statutes.

**[1]** Plaintiff first contends that he has sufficiently alleged and presented evidence of a claim under N.C. Gen. Stat. § 39-15 (1984). That section provides, in pertinent part, that transfers of property may be voided upon showing an "intent to delay, hinder, and defraud creditors and others of their just and lawful actions and debts . . . ." Plaintiff contends that he is one of the "others" intended to be protected by that statute. Defendants respond that plaintiff's complaint listed only N.C. Gen. Stat. § 39-17, and that plaintiff should be bound by his pleadings and must make out a case under § 39-17, which requires that plaintiff be a "creditor" on the date the property was transferred. Plaintiff responds that, under the notice pleading requirements of N.C. Gen. Stat. § 1A-1, Rule 8(a) (1990), his complaint adequately states a claim under N.C. Gen. Stat. § 39-15 because it gave sufficient notice of the claim to enable the defendants to answer and prepare for trial. We agree with plaintiff. We hold that the complaint was sufficient to put defendants on notice of plaintiff's claim, and the plaintiff will not be held to the more stringent requirements found under N.C. Gen. Stat. § 39-17.

**[2]** We now turn to considering whether plaintiff has offered sufficient evidence of a claim under § 39-15 to withstand defendants' motion for summary judgment. Summary judgment is properly rendered if the pleadings, depositions, interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that a party is entitled to judgment as a matter of law. *Johnson v. Phoenix Mut. Life Ins. Co.*, 300 N.C. 247, 252, 266 S.E.2d 610, 615 (1980). The papers of the party moving for summary judgment are carefully scrutinized, and all inferences are resolved against him. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985). A defendant who moves for summary judgment assumes the burden of positively and clearly showing there is no genuine issue as to any material fact and he or she is entitled to judgment as a matter of law. A defendant may meet this burden by (1) proving that an essential element of the plaintiff's case is nonexistent; or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim; or (3) showing that the plaintiff cannot surmount an affirmative defense which would bar the claim. *Watts v. Cumberland Co. Hospital System*, 75 N.C. App. 1, 6, 330 S.E.2d 242, 247 (1985), *rev'd on other grounds*, 317 N.C. 321, 345 S.E.2d 201 (1986).

Plaintiffs alleged that defendants Carl F. and Gladys H. Blackman transferred their real property to their children in an effort to prevent

their property from being subject to any judgment plaintiff might obtain against them by reason of his claim against Gladys for personal injuries. Plaintiff alleged that the transfer was made with the intent to defraud plaintiff, as well as other creditors, and that the defendants did not retain sufficient assets or property to pay plaintiff for his injuries.

The defendants contend that the facts do not rise to the level of a fraudulent conveyance on the part of the defendants. The defendants offered depositions and affidavits to show that the transfers were made as a part of an ongoing estate plan of the Blackmans to equalize the distribution of their estate among their children. Their evidence indicates that for a number of years prior to 1992, Carl and Gladys Blackman had talked between themselves and on several occasions to their attorney, Donald A. Parker, about making a division of property among their three children, treating their oldest son the same as they had treated their other two children, to whom they had already given a house and lot and a restaurant. To effectuate this equitable division, the Blackmans planned to make a gift of their homeplace and the surrounding land to their oldest son, with the remaining property going to their three children equally under their will, reserving a life estate. The defendants contend that the property had to be surveyed first, and that Carl Blackman did not contact a surveyor until early February 1992. He suffered the aneurysm and was hospitalized before the deeds were completed. After the automobile accident with plaintiff, Gladys Blackman asked the defendants' attorney to prepare the deeds. She had Mr. Blackman sign the deeds before a notary public while he was still in the hospital. Gladys Blackman averred that she did not tell her husband about the accident because he was still in intensive care, and she was afraid the news might cause him to suffer another aneurysm.

We find this evidence falls short of compelling entry of judgment for the defendants. We hold there was a genuine issue of material fact as to whether defendants' transfer was a fraudulent conveyance under N.C. Gen. Stat. § 39-15. The defendants' affidavits and depositions, though uncontradicted by plaintiff, do not resolve the issue of whether defendants' transfer was made with fraudulent intent. Instead, they raise an issue of fact as to whether defendants transferred the property with fraudulent intent. Defendants' affidavits and depositions raise an issue of credibility, which the court should not resolve at a hearing on a motion for summary judgment. The fact that a witness is interested in the result of the litigation has been held to

be sufficient to require the credibility of his testimony to be submitted to the jury. *Lee v. Shor*, 10 N.C. App. 231, 235, 178 S.E.2d 101, 104 (1970). Although defendants' affidavits and depositions were uncontradicted by the opposing party, this evidence does not automatically import veracity. A trial court is not required to assign credibility to a party's affidavits merely because they are uncontradicted. *Kidd v. Early*, 289 N.C. 343, 370, 222 S.E.2d 392, 410 (1976). In holding, we also note that summary judgment is generally inappropriate in an action for fraud. The existence of fraud necessarily involves a question concerning the existence of fraudulent intent, and the intent of a party is a state of mind generally within the exclusive knowledge of the party. That state of mind must, by necessity, be proved by circumstantial evidence. *Girard Trust Bank v. Belk*, 41 N.C. App. 328, 339, 255 S.E.2d 430, 437, *disc. review denied*, 298 N.C. 293, 259 S.E.2d 299 (1979). We thus hold that the trial court erred in granting summary judgment for defendants on the issue of fraudulent conveyance.

**[3]** We next consider whether summary judgment was properly granted for defendants on plaintiff's claims of lack of mental capacity, fraud, duress, and undue influence. We find plaintiff's claim for fraud should not have been dismissed. Plaintiff forecast sufficient evidence that defendant Gladys Blackman withheld information from defendant Carl F. Blackman, fraudulently obtaining his signature on the deed. For the reasons stated above regarding the claim of fraudulent conveyance, we find the trial court erred in granting summary judgment for defendants on the fraud claim. As to the remaining claims, we find it sufficient to state here that we have reviewed the record in its entirety and that we find no genuine issue of material fact as to each of the remaining claims. Defendants are entitled to summary judgment as a matter of law on these issues, and we affirm summary judgment on these claims.

In summary, we affirm summary judgment for defendants on plaintiff's claims of lack of mental capacity, duress, and undue influence. We reverse summary judgment on the claims of fraudulent conveyance and fraud, and we remand the cause for further proceedings on those claims.

Affirmed in part, reversed in part, and remanded.

Judges EAGLES and LEWIS concur.