JACQUELINE LOCKLEAR AND RANDY BRITT, PLAINTIFFS v. DEVAUL LANGDON, DEFENDANT

No. COA97-576

(Filed 19 May 1998)

**Vendor and Purchaser § 73 (NCI4th)— construction of residence—action for damages—identity of contractor—summary judgment improper**

The trial court erred by entering summary judgment for defendant in an action in which plaintiffs alleged that defendant had constructed their house and that defendant had breached his duty to construct the house in accordance with generally accepted standards where defendant contended that the house had been constructed by his son rather than by himself. Defendant relied exclusively on his own sworn statements to support his motion for summary judgment, but his failure to provide complete responses to interrogatories and requests for production tends to weaken his credibility and plaintiffs produced sufficient evidence to cast doubt on defendant's credibility. Zoning, improvement, and building permits list defendant as the owner of the subject property, the application for a permit to build a house is signed by defendant, it may be inferred from the notices of additions or corrections that defendant was building plaintiffs' house or that he owned the property at the time the notices were issued, which would contradict defendant's sworn statement that he conveyed the property before the house was constructed, and the permit approving operation of a septic tank system lists defendant as the owner of the property.

LOCKLEAR v. LANGDON

[129 N.C. App. 513 (1998)]

Appeal by plaintiffs from judgment entered 4 February 1997 by Judge Wiley F. Bowen in Harnett County Superior Court. Heard in the Court of Appeals 15 January 1998.

*Smith Debnam Hibbert, L.L.P., by Bettie Kelley Sousa and Terry M. Kilbride, for plaintiffs-appellants.*

*Bain & McRae, by Edgar R. Bain, for defendant-appellee.*

LEWIS, Judge.

In their complaint filed 19 May 1995, plaintiffs alleged that defendant Devaul Langdon constructed a house in 1989, that defendant lived in that house from November 1989 to June 1991, that defendant sold the house to Randall and Tamsen McLean, that the McLeans lived in the house from June 1991 to August 1994, and that the McLeans sold the house to plaintiffs. Plaintiffs alleged that defendant had breached his duty to "construct the [house] in accordance with generally accepted standards" and sought damages. In his verified answer, defendant denied that he had constructed plaintiffs' house. Defendant moved for summary judgment and his motion was granted. On appeal, plaintiffs argue that summary judgment was inappropriate because there is a genuine issue of material fact as to whether defendant built the house. We agree and reverse.

The evidence adduced by defendant was the following: Defendant stated under oath that he originally owned the land where plaintiffs' residence is located; that he conveyed this property to "a Langdon partnership"; that this partnership, in turn, conveyed the property to Dee Langdon and his wife; that Dee Langdon was defendant's son; that these conveyances occurred before the house was constructed; and that Dee Langdon, not defendant, constructed plaintiffs' house. Defendant conceded that "a building permit or some other permit could have been purchased in the name of [defendant]," but he denied any involvement with the construction of plaintiffs' house.

Defendant's answers to plaintiffs' interrogatories, signed 11 April 1996, indicate that defendant had, within the last ten years, been employed with four businesses, including "New Southern Homes, Inc." and "D.G. Langdon & Sons, a partnership." When asked to describe "the nature and type of business that each conducted and the dates that such business operated," defendant answered that D.G. Langdon & Sons "dealt in the construction of homes," but he did not

describe the business of New Southern Homes. Defendant also failed to provide any information about the dates that these entities were in business even though such information was requested.

Defendant answered that "in almost every" one of the four businesses, he was one of the managing partners. He did not, however, describe "the regular duties he was responsible for in each" business, even though this information was requested. The interrogatories also asked defendant to state whether any of the businesses in which he was involved were engaged in residential construction, and if so, to identify which businesses engaged in this activity and whether any employee of each such business held a valid North Carolina General Contractor's License. Defendant's reply to this question, in full, was, "Yes. I have never had any contractor's license."

Plaintiffs' Interrogatory Number 8 reads,

Did you ever own the [property on which plaintiffs' house is located]? If so, please state in detail how you acquired the Property, state the date that you acquired said Property, and identify each and every document evidencing your acquisition of said Property. Your response should include, but not be limited to, any survey maps in your possession and deed(s) describing any conveyance of the Property to you.

Defendant responded by stating that he and his wife had once owned the property and that he conveyed it to "a partnership" at some unmentioned date. Defendant did not, however, state how or when he acquired the property, even though he was plainly asked to do so. Defendant offered no explanation of why he could not answer these questions. Nor did defendant identify any documents evidencing his acquisition of the property. Instead, he produced a deed for the conveyance of the property from D.G. Langdon & Sons, A Partnership to Dee Carson Langdon and wife, Teresa M. Langdon. Defendant stated that he had visited the Register of Deeds but could not find the deed whereby he conveyed the property to the partnership, but he provided no explanation of why he could not produce the deed whereby defendant and his wife had originally acquired the property. Throughout his sworn answers to plaintiffs' interrogatories, defendant maintained that he did not build the house but rather that his son, Dee Langdon, built it.

In response to defendant's motion for summary judgment, plaintiffs introduced documents authenticated by Lynwood McDonald,

custodian of records for the Harnett County Building and Inspections Department. These documents include:

(1) A zoning permit issued on 4 April 1989 by the Harnett County Department of Planning and Development. The zoning permit lists "Devaul G. Langdon" as the owner of the subject property, and it lists the "Use Classification" of the subject property as "Single Family Residence -2 BR." The zoning permit further states,

NOTICE: This structure is not to be occupied until a CERTIFI-CATE OF OCCUPANCY is issued by the Building Official.

PERMIT EXPIRES SIX MONTHS FROM ISSUANCE.

This CARD MUST BE DISPLAYED on the PREMISES until WORK IS COMPLETED.

(2) An improvement permit issued by the Harnett County Health Department on 12 April 1989. This permit allows the property owner to install a septic tank and nitrification line. The permit states,

Be it ordained by the Harnett County Board of Health as follows: Section III, item B. "No person shall begin construction of any building at which a septic tank system is to be used . . . without first obtaining a written permit from the Harnett County Health Department.

The permit lists the owner of the property as "Devaul Langdon" and indicates that the septic tank is to service a two-bedroom residence.

(3) An "Application for Permit" filed with the Harnett County Building and Inspections Department. The application states, "The undersigned hereby makes application to BUILD [a] New House." The application is signed by "Devaul Langdon" and lists the applicant's name as "Devaul G. Langdon." The application was submitted on 18 April 1989. Mr. McDonald stated in his affidavit that "[t]his document is a true copy of the original building permit application submitted by Devaul Langdon."

(4) Four "Notices of Additions or Corrections" issued by the Harnett County Inspection Department. These notices contain the following boilerplate language:

THIS JOB HAS NOT BEEN COMPLETED

The following additions or corrections shall be made before the job will be accepted: . . .

LOCKLEAR v. LANGDON

[129 N.C. App. 513 (1998)]

Three of the notices are dated 22 August 1989 and are issued to "Langdon." They list seven corrections, including,

6. The balcony overlooking the living room and the outside balcony is protruding out too far. *I will need you to either support it with steel* or give me a letter from the Architect stating it will not support the load.

(emphasis added). The fourth notice is dated 5 September 1989 and is issued to "Devaul Langdon." This notice states,

1. Need No. 8 gauge wire from lug on whirlpool motor to panel grid or if closer drip separator rod beside house to motor on tub (*For your safety*)

2. Motor to whirlpool tub to be on G.F.I. breaker or Rec.

(emphasis added).

(5) A permit issued by the Harnett County Health Department on 13 October 1989 approving the operation of a septic tank system at the subject property. This permit lists "Devaul Langdon" as "owner."

(6) A deed dated 29 January 1990 whereby "D.G. Langdon & Sons, a partnership," conveyed the subject property to Dee Carson Langdon and wife, Teresa M. Langdon.

Defendant is entitled to summary judgment if the evidence shows that "there is no genuine issue as to any material fact" and that defendant is entitled to judgment as a matter of law. N.C.R. Civ. P. 56(c). Under this rule, if defendant makes a prima facie showing that an essential element of plaintiffs' claim is nonexistent, then he is entitled to summary judgment unless plaintiffs respond with evidence or a forecast of evidence that establishes the existence of a genuine issue of material fact. *Lowe v. Bradford*, 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982). An issue is genuine if it can be proved by substantial evidence, *id.*, or if different conclusions about the material fact could reasonably be drawn from the evidence, *Warren v. Rocco and Mastracco, Inc.*, 78 N.C. App. 163, 164, 336 S.E.2d 699, 700 (1985). If the movant relies solely on affidavit testimony, and the affiants' credibility is called into question, then summary judgment should be denied. *Kidd v. Early*, 289 N.C. 343, 366, 222 S.E.2d 392, 408 (1976).

In this case, defendant relied exclusively on his own sworn statements to support his motion for summary judgment. To award defendant with summary judgment, the trial court must have

assigned credibility to defendant's sworn statements as a matter of law. We hold that in doing so, the trial court erred.

To begin with, defendant's failure to provide complete responses to interrogatories and requests for production tends to weaken his credibility. Even if we assume, however, that defendant's sworn statements are inherently credible, plaintiffs have produced suffi-cient evidence to cast doubt on defendant's credibility and to estab-lish a genuine issue as to whether defendant built their house.

It is evident that the zoning permit, the improvement permit (for septic tank construction), and the building permit for which Devaul Langdon applied must be obtained before one can build a house in Harnett County. The permits in this case list Devaul Langdon as the owner of the subject property, and the application for permit to build a house is actually signed by Devaul Langdon. Furthermore, Mr. McDonald stated under oath that Devaul Langdon applied for the building permit.

The Notices of Additions or Corrections, issued to "Langdon" or "Devaul Langdon," indicate that a house was being constructed on the subject property on 22 August 1989 and on 5 September 1989. The Notices are obviously intended to inform the house builder of changes that must be made. Viewed in the light most favorable to plaintiffs, it may be inferred from the Notices that Devaul Langdon was building plaintiffs' house in the summer of 1989, or that Devaul Langdon owned the property at the time the Notices were issued. If the latter is inferred, then the Notices contradict defendant's sworn statement that he conveyed the property before plaintiffs' house was constructed on it. Defendant's assertion to this effect is further con-tradicted by the permit issued on 13 October 1989, approving the operation of a septic tank system, which lists Devaul Langdon as the owner of the subject property.

Defendant has not discharged his burden to prove the nonexis-tence of a genuine issue as to whether he built plaintiffs' house. We reverse the entry of summary judgment in his favor and remand the case to the trial court for further proceedings.

Reversed and remanded.

Judges McGEE and TIMMONS-GOODSON concur.