VIRGINIA BLUE, PLAINTIFF V. MIGUEL CANELA, HORACE VERNON PENDERGRASS, JR., AND CAMPER PRODUCTS, INC.

No. COA99-1073

(Filed 18 July 2000)

**Motor Vehicles— contributory negligence—accident—summary judgment improper**

The trial court erred by granting summary judgment in favor of defendants in an automobile accident where plaintiff hit a truck parked on the side of the street in an attempt to avoid hitting a vehicle stopped and parked in the middle of the road, because a genuine issue of material fact exists concerning plaintiff's contributory negligence based on the parties' pleadings and affidavits contesting whether plaintiff's conduct was reasonable under the circumstances.

Appeal by plaintiff from an order entered 3 May 1999 by Judge W. Osmond Smith, III in Vance County Superior Court. Heard in the Court of Appeals 16 May 2000.

*Harvey D. Jackson for plaintiff-appellant.*

*Baker, Jenkins, Jones & Daly, P.A., by Ernie K. Murray, for defendant-appellee Miguel Canela.*

*Yates, McLamb & Weyher, L.L.P., by John W. Minier, for defendant-appellees Horace Vernon Pendergrass, Jr. and Camper Products, Inc.*

HUNTER, Judge.

The superior court granted summary judgment to defendants Miguel Canela, Horace Vernon Pendergrass, Jr., and Camper Products, Inc. (collectively "defendants"), finding as a matter of law that: (1) plaintiff's contributory negligence was a proximate cause of the injuries alleged in her complaint; and (2) the doctrine of "last clear chance" does not apply. Virginia Blue ("plaintiff") appeals. Upon

BLUE v. CANELA

[139 N.C. App. 191 (2000)]

review of the record before us, we reverse the trial court's order, and remand the case for trial by jury.

The facts pertinent to this case are as follows. At about 2:00 p.m. on 29 July 1994, plaintiff was driving her employer's van on Lynnbank Road in Henderson, North Carolina. Lynnbank Road is a curvy, hilly, two-lane road, and it was raining on the day in question. Soon after the vehicle (a Volkswagon) immediately in front of her turned left onto a dirt road, plaintiff noticed another car in front of her—a station wagon operated by defendant Canela.

In her complaint, dated 28 July 1997, plaintiff alleged that "it was raining, the weather conditions were very cloudy, and visibility was poor[,]" when she first observed the station wagon. Plaintiff believed the station wagon to be moving when, in fact, it had stopped and parked in the middle of the road. The station wagon had no brake, rear, or any other type of lights operating to warn approaching traffic, and by the time plaintiff realized it was not moving, she could not bring her van to a stop, nor could she pass the vehicle because of oncoming traffic to her left. In her effort to avoid hitting defendant Canela's occupied vehicle, plaintiff attempted to swerve to the right shoulder. However, a truck, owned by defendant Camper but operated by defendant Pendergrass (Camper's employee) who lived directly across the street, was parked on the right shoulder. Seeing the truck there, plaintiff attempted to fit her van between defendant Canela's vehicle and the truck, but could not. Consequently, plaintiff hit the truck causing serious injury to herself.

Plaintiff brought her complaint against defendant Canela on the grounds that he was negligent in: carelessly and recklessly parking his car in the middle of the road, willfully and wantonly disregarding the rights and safety of others, operating his vehicle with defective equipment, and creating a danger to other vehicular traffic on the highway due to the inclement weather conditions at the time. Against defendant Pendergrass, plaintiff alleged negligence in his parking the truck on the side of the road. Against defendant Camper, plaintiff imputed Pendergrass' negligence as Camper was his employer and owner of the truck.

In considering defendants' motion for summary judgment, the trial court reviewed all pleadings on file, plaintiff's deposition and attached exhibits, plaintiff's affidavit, and the affidavit of F. Darryl Barile, a photographer who later took pictures at the scene of the accident. Stating it

ha[d] determined as a matter of law that plaintiff's contributory negligence was a proximate cause of the injuries alleged . . . ; and

ha[d] considered plaintiff's argument that defendant Miguel Canela had the "last clear chance" to avoid the alleged accident and ha[d] determined as a matter of law that the doctrine of "last clear chance" does not apply;

the trial court granted defendants' summary judgment motion.

Plaintiff brings forward only one assignment of error, that the trial court erred in granting defendants' summary judgment motion because there were genuine issues of material fact before the court. Plaintiff argues that the trial court erred in finding *as a matter of law* that she was contributorily negligent and that the doctrine of last clear chance did not apply to Canela. We agree.

The North Carolina Rules of Civil Procedure provide that summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c). The burden of establishing a lack of any triable issue resides with the movant. . . .

"The movant may meet this burden by proving that . . . the opposing party cannot . . . surmount an affirmative defense which would bar the claim."

*Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 62-63, 414 S.E.2d 339, 341-42 (1992) (quoting *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)). However, "all conflicts are resolved against the moving party[] . . . [and this Court must] therefore view allegations in the light most favorable to plaintiff[.]" *Dobson v. Harris*, 134 N.C. App. 573, 580, 521 S.E.2d 710, 716, (1999). Furthermore:

As a general rule, one who has capacity to understand and avoid a known danger and fails to take advantage of that opportunity, and injury results, he is chargeable with contributory negligence, which will bar recovery. *Burgess v. Mattox*, 260 N.C. 305, 132 S.E.2d 577; *Huffman v. Huffman*, 271 N.C. 465, 156 S.E.2d 684; *Tallent v. Talbert*, 249 N.C. 149, 105 S.E.2d 426. In such event, [summary judgment] is proper on the theory that defendant's neg-

ligence *and* plaintiff's contributory negligence are proximate causes of the injury. . . .

*Presnell v. Payne*, 272 N.C. 11, 13, 157 S.E.2d 601, 602 (1967) (emphasis added). Therefore, if no genuine issue of material fact exists as to plaintiff's having been contributorily negligent, she is precluded from any recovery based on the negligence of another party in the same accident. *Id.*

Applying then the doctrine of contributory negligence to the case at bar, we disagree with the trial court and defendants that plaintiff "was contributorily negligent *as a matter of law*." (Emphasis added.) On this issue, we find *Meeks v. Atkeson*, 7 N.C. App. 631, 173 S.E.2d 509 (1970) dispositive. In that case, defendant argued that plaintiff was contributorily negligent in hitting his unlighted vehicle which was "parked across both lanes of a two-lane highway, while defendant searched for his lost cat[.]" *Id.* at 636, 173 S.E.2d at 511. Holding that these facts were "clearly sufficient to require submission [to the jury] of an issue as to defendant's actionable negligence[,]" *id.*, this Court reversed the trial court's granting of defendant's nonsuit, stating that: " 'Judgment of involuntary nonsuit on the ground of contributory negligence should be granted when, and only when, the evidence, . . . establishes plaintiff's contributory negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. . . .' " *Id.* at 636, 173 S.E.2d at 512 (quoting *Brown v. Hale*, 263 N.C. 176, 178, 139 S.E.2d 210, 212 (1964)).

In the case *sub judice*, plaintiff's evidence considered in the light most favorable to her supports finding that: (1) plaintiff was driving at a reasonable speed (which defendants do not contest); (2) the weather conditions were rainy, cloudy, with poor visibility (none of which defendants contested before the trial court); (3) the road was wet, hilly and curvy; (4) plaintiff observed defendant Canela's vehicle in the road when she was some 400-500 feet away however, there was another car moving between them and she believed the vehicle to be moving; (5) when the vehicle between them turned off the road, and plaintiff realized she was much closer to defendant Canela's vehicle, she applied her brakes but could not stop; (6) plaintiff would have gone around defendant Canela's vehicle to the left, but there was oncoming traffic; (7) defendant Canela's vehicle had no lights burning to warn approaching traffic that it was stopped in the middle of the road; (8) when plaintiff attempted to go to the right, she ran into the truck parked there; and, (9) defendant Canela was behind the wheel

BLUE v. CANELA

[139 N.C. App. 191 (2000)]

of his vehicle while plaintiff's vehicle was approaching. These findings support plaintiff's contention that defendant Canela was negligent, but they do *not* clearly establish that plaintiff was contributorily negligent. Defendants' argue that plaintiff failed to keep a proper lookout and that plaintiff lost control of her vehicle thus, she was contributorily negligent. However, because plaintiff's evidence negates defendants' argument, it raises an issue of material fact—and defeats defendants' motion for summary judgment.

> "Negligence is the failure to exercise proper care in the performance of a legal duty owed by a defendant to a plaintiff under the circumstances." *Cassell v. Collins*, 344 N.C. 160, 163, 472 S.E.2d 770, 772 (1996). . . . "When there are factual issues to be determined that relate to the defendant's duty, or when there are issues relating to whether a party exercised reasonable care, summary judgment is inappropriate." *Ingle v. Allen*, 71 N.C. App. 20, 26, 321 S.E.2d 588, 594 (1984).

*Holshouser v. Shaner Hotel Grp. Props. One*, 134 N.C. App. 391, 394, 518 S.E.2d 17, 21 (1999). Thus, the discrepancy should have been resolved by a jury and it was inappropriate for the trial court to decide that plaintiff was contributorily negligent "as a matter of law."

> Issues of contributory negligence, like those of ordinary negligence, are ordinarily questions for the jury and are rarely appropriate for summary judgment. Only where the evidence establishes the plaintiff's own negligence so clearly that no other reasonable conclusion may be reached is summary judgment to be granted.

*Nicholson v. American Safety Utility Corp.*, 346 N.C. 767, 774, 488 S.E.2d 240, 244 (1997) (citations omitted). We note that in the instant case, on the issue of plaintiff's contributory negligence, "defendants' and plaintiff's pleadings and affidavits contest whether plaintiff's conduct was reasonable under the circumstances. . . . Therefore, an issue of fact exists as to the reasonableness of plaintiff's conduct under the circumstances." *Id.*

We need not reach plaintiff's argument as to the trial court's determination that the doctrine of last clear chance is inapplicable *as a matter of law.*

> [B]ecause we hold that a genuine issue of material fact exists with respect to the issue of plaintiff's contributory negligence,

we need not address the parties' arguments as to whether defendants had the last clear chance to avoid the collision, as that issue is not material unless plaintiff's contributory negligence is established. . . .

*Monk v. Cowan Transportation, Inc.*, 121 N.C. App. 588, 592, 468 S.E.2d 407, 410 (1996). Therefore, the trial court's order is reversed. This case is

Reversed and remanded for jury trial.

Judges GREENE and HORTON concur.