THOMAS E. THOMPSON, Administrator of the Estate of Christopher Thompson, Deceased, Plaintiff v. SUSAN ELIZABETH BRADLEY and WILLIE THOMAS BRADLEY, JR., Defendants

No. COA00-80

(Filed 3 April 2001)

**1. Appeal and Error— assignment of error—issues included**

The Court of Appeals considered both issues of negligence and contributory negligence, even though plaintiff's assignment of error referred only to contributory negligence, because the issues were intertwined and the trial court did not state its reasons for the grant of summary judgment.

2. **Motor Vehicles— automobile accident—causation—issue of fact**

The trial court erred by granting summary judgment for defendant in an action arising from an automobile accident where the deposition of Susan Bradley, the driver, placed responsibility for the accident on the passenger, plaintiff's decedent, while defendants' expert stated that the accident was caused by Bradley's steering overcorrection. Differing conclusions might reasonably be drawn from the evidence, depending upon which party's evidence is accepted as true; moreover, the case raises issues of credibility in that the only defense evidence was the deposition from Bradley, who had an interest in the outcome, and plaintiff's expert, who arguably had an interest in the outcome also.

Appeal by plaintiff, Thomas Thompson from order entered 27 October 1999 by Judge W. Russell Duke, Jr. in Halifax County Superior Court. Heard in the Court of Appeals 14 February 2001.

*Ward and Smith, P.A., by V. Stuart Couch and A. Charles Ellis, for plaintiff-appellant.*

*Poyner & Spruill, L.L.P., by J. Nicholas Ellis and Gregory S. Camp, for defendant-appellee.*

BIGGS, Judge.

This appeal arises out of a wrongful death action by Thomas Thompson, administrator for the estate of Christopher Thompson, alleging that the negligence of defendant Susan Bradley caused Christopher Thompson's death. The trial court granted defendant's motion for summary judgment, finding as a matter of law that no genuine issue of material fact existed. From this order, plaintiff appeals.

On 7 June 1997, plaintiff's decedent, Christopher Thompson (Thompson), suffered fatal injuries in a single car accident in which he was the only passenger, and defendant, Susan Elizabeth Bradley (Bradley), was the driver. A deposition of Bradley, the only surviving witness to the accident, provided the following testimony which was introduced as evidence at the summary judgment hearing: Bradley and Thompson were non-romantic friends. Both were from Roanoke Rapids. Bradley was 21 years old and had recently earned a nursing degree, while Thompson was an eighteen year old high school stu-

dent. On 6 June 1997, the two agreed to spend time together after Thompson finished work. They met that evening in a parking lot near Bradley's house. Bradley drove her car, a Chevrolet Lumina with bench seats, and Thompson left his car in the parking lot. Bradley and Thompson drove around the Roanoke Rapids area for several hours, searching for other young people with whom they might socialize. They drove to a local mall, the main street of town, a park near Rocky Mount, a fast food restaurant, and the Wal-Mart store in Rocky Mount, where Bradley bought a music CD. After 11:00 P.M., the two returned to Roanoke Rapids, and took another drive through town and past the shopping mall.

According to Bradley, Thompson then expressed an interest in viewing the road on which Bradley's grandmother lived. The two set out in the direction of the road which was some miles away. Their route included several twists and turns, and at some point the two crossed the North Carolina state line and entered Virginia. Before returning to Roanoke Rapids, they stopped in the parking lot of a small country store. By this time Thompson was getting sleepy and had reclined his seat.

The accident occurred shortly after they left the parking lot, as Bradley was driving back towards Roanoke Rapids. They were on a paved two-lane road without any markings. Bradley rounded a curve, then slowed to less than 55 MPH on the straightaway and took her foot off the accelerator, causing the car to slow down. Bradley testified that Thompson then placed his foot on top of hers and pressed down, causing the car to speed up. Bradley immediately lost control of the car, which fishtailed and swerved before rolling into a ditch. Bradley, who was wearing her seat belt, had no serious injuries. However, Thompson, not wearing a seat belt, was thrown from the car and died.

Other pertinent facts to which Bradley testified are that the weather was clear; Bradley's car had no apparent mechanical or electrical problems; and neither Thompson nor Bradley had consumed alcohol.

Other than Bradley's deposition testimony, the only other factual evidence in the record was the affidavit of Michael Sutton (Sutton), an accident reconstruction expert retained by the plaintiff. Sutton's affidavit stated that he had interviewed law enforcement officers who had been at the scene, and had reviewed photographs, weather reports, and Bradley's deposition. According to Sutton, even if

Thompson had put his foot on Bradley's, this would not have caused the collision to occur in the manner that it had in this case. He found "no physical evidence to indicate [that Thompson] caused or contributed to the accident." His conclusion was that the accident was "due to steering overcorrection which led to the subsequent roll over of the vehicle."

Plaintiff argues on appeal that the evidence before the trial court presented genuine issues of material fact, and thus that summary judgment was erroneously granted. For the reasons that follow, we agree.

[1] We first address a procedural issue raised by defendant. The plaintiff's sole assignment of error was that the trial court erred in granting summary judgment for the defendant "on the ground that there was a genuine issue of material fact that Plaintiff's decedent was not contributorily negligent, and defendants were therefore not entitled to judgment as a matter of law." Defendants argue that the specificity of this assignment of error does not permit consideration of the related question of defendant's own negligence.

Defendant correctly states the general rule that the scope of appellate review is limited to issues presented in the assignments of error on appeal, *see Koufman v. Koufman*, 330 N.C. 93, 408 S.E.2d 729 (1991). However, we do not agree with defendant's contention that the plaintiff's assignment of error precludes this Court from exploring whether genuine issues of fact exist as to the issue of Bradley's negligence. Since the trial court does not state its reasons for the grant of summary judgment, and the issues of negligence and contributory negligence are so intertwined, this Court will examine both issues. In addition, having allowed plaintiff's motion to amend the record, filed 10 May 2000, to include a general assignment of error as to the trial court's ruling, such review is appropriate.

[2] Summary judgment is proper when

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

N.C.G.S. § 1A-1, Rule 56(c) (1999); *DiOrio v. Penny*, 331 N.C. 726, 417 S.E.2d 457 (1992). The party moving for summary judgment "assumes the burden of positively and clearly showing there is no genuine issue as to any material fact." *Lewis v. Blackman*, 116 N.C. App. 414, 417,

448 S.E.2d 133, 135 (1994). The record will be reviewed in the light most favorable to the non-movant, and all inferences will be drawn against the movant. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E.2d 379 (1975). In ruling on a motion for summary judgment, the trial court does not resolve issues of fact. Summary judgment is improper if any material fact is subject to dispute. *Ragland v. Moore*, 299 N.C. 360, 261 S.E.2d 666 (1980). Moreover, to prevail the defendant must show either that (1) an essential element of the plaintiff's claim is nonexistent; (2) the plaintiff is unable to produce evidence that supports an essential element of his claim; or, (3) the plaintiff cannot overcome affirmative defenses raised against him. *Dobson v. Harris*, 352 N.C. 77, 530 S.E.2d 829 (2000).

The complaint in this case alleged that Bradley's negligence as a driver caused the collision that claimed Thompson's life. "Negligence is the failure to exercise proper care in the performance of a legal duty owed by a defendant to a plaintiff under the circumstances." *Cassell v. Collins*, 344 N.C. 160, 163, 472 S.E.2d 770, 772 (1996) (citation omitted). The relevant duty in this case is that of an automobile driver; the driver owes a duty towards his or her passengers to exercise reasonable and ordinary care for their safety. *Colson v. Shaw*, 301 N.C. 677, 273 S.E.2d 243 (1981); *Jacobsen v. McMillan*, 124 N.C. App. 128, 476 S.E.2d 368 (1996). This duty of care was breached if, as alleged in the complaint, Bradley operated her car in a careless and reckless manner, drove at an unsafe speed, failed to decrease speed to avoid a collision, and generally failed to keep the car under proper control.

Bradley's deposition testimony was that she lost control of her car because Thompson had put his foot on top of hers. This evidence raised the affirmative defense of contributory negligence. Contributory negligence is the breach of duty of a plaintiff to exercise due care for his or her own safety, such that the plaintiff's failure to exercise due care is a proximate cause of his or her injury. *Champs Convenience Stores v. United Chemical Co.*, 329 N.C. 446, 406 S.E.2d 856 (1991); *Holderfield v. Trucking Co.*, 232 N.C. 623, 61 S.E.2d 904 (1950).

Under North Carolina law, contributory negligence generally will act as a complete bar to a plaintiff's recovery. *Cobo v. Raba*, 347 N.C. 541, 495 S.E.2d 362, (1998); *Blue v. Canela*, 139 N.C. App. 191, 532 S.E.2d 830, *disc. review denied*, 352 N.C. 672, 545 S.E.2d 418 (2000). An exception arises when the defendant has engaged in willful or wanton conduct, such as is alleged by plaintiff in his or her com-

plaint. Proof of such conduct permits recovery by a plaintiff despite his or her contributory negligence. *Parchment v. Garner*, 135 N.C. App. 312, 520 S.E.2d 100 (1999), *disc. review denied*, 351 N.C. 359 542 S.E.2d 216 (2000).

Thus, if it were proven that Thompson had put his foot on Bradley's, causing the accident, Thompson would recover nothing unless it could be shown that Bradley's driving constituted willful and wanton conduct.

An issue of material fact is "genuine" when differing conclusions might reasonably be drawn from the evidence before the trial judge. *Locklear v. Langdon*, 129 N.C. App. 513, 500 S.E.2d 748 (1998); *Warren v. Rosso and Mastracco, Inc.*, 78 N.C. App. 163, 336 S.E.2d 699 (1985). The issue presented in this case is whether the evidence before the judge reasonably would permit differing conclusions to be drawn regarding either the defendant's negligence or the plaintiff's contributory negligence.

Summary judgment generally is disfavored in cases of negligence or contributory negligence. Indeed, as expressed by the North Carolina Supreme Court, "it is only in exceptional negligence cases that summary judgment is appropriate, since the standard of reasonable care should ordinarily be applied by the jury under appropriate instructions from the court." *Ragland v. Moore*, 299 N.C. 360, 363, 261 S.E.2d 666, 668 (1980) (citation omitted). In *Ragland*, there was evidence that the plaintiff had failed to yield the right of way. However, the Court held that summary judgment should not have been granted on the basis of contributory negligence; rather, the jury should have determined whether the plaintiff's actions were a proximate cause of the accident. *See also Lane v. Dorney*, 252 N.C. 90, 113 S.E.2d 33 (1960) (questions of negligence should not be taken from the jury if the evidence is susceptible to more than one interpretation); *Canela*, 139 N.C. App. at 195, 532 S.E.2d at 832-33 (2000) (jury ordinarily decides questions of contributory negligence and negligence); *Nobles v. Talley*, 139 N.C. App. 166, 532 S.E.2d 549 (2000) (summary judgment seldom appropriate in negligence cases).

We believe the evidence before the trial court at the summary judgment hearing presents a genuine issue of fact on the questions of negligence and contributory negligence. Bradley's deposition testimony places responsibility for the accident on Thompson, while the affidavit submitted by Thompson's expert stated that the accident was caused by Bradley's steering overcorrection. He further found no

physical evidence that indicated that Thompson had caused or contributed to the accident. Differing conclusions might reasonably be drawn from this evidence depending on which party's evidence is accepted as true. Moreover, viewing this conflicting evidence in the light most favorable to plaintiff-appellant, we conclude, the evidence presents material issues of fact appropriate for jury determination.

The present case also raises issues of credibility, another factor that renders summary judgment improper. This Court previously has held that issues of credibility should be determined by the jury. For example, in *Lea v. Shor*, 10 N.C. App. 231, 178 S.E.2d 101 (1970), the evidence on a motion for summary judgment primarily consisted of the affidavits of the defendants. This Court found that summary judgment should not have been granted, noting that if a witness is interested in the outcome of a suit, the witness's credibility should be submitted to the jury, to avoid the trial judge conducting a "trial by affidavit." *Accord, Lewis v. Blackman*, 116 N.C. App. 414, 448 S.E.2d 133 (1994). Similarly, in *Locklear*, 129 N.C. App. at 517, 500 S.E.2d at 751, this Court reversed the trial judge's grant of summary judgment, stating that

> defendant relied exclusively on his own sworn statements to support his motion for summary judgment. To award defendant with summary judgment, the trial court must have assigned credibility to defendant's sworn statements as a matter of law. We hold that in doing so, the trial court erred.

*Id.* at 517, 500 S.E.2d at 751.

In the present case, Bradley's deposition was the only defense evidence. As a party, she has an interest in the outcome of the suit, putting her credibility at issue. Likewise, the jury should be allowed to consider the credibility of the accident reconstructionist. Having been retained by plaintiff, he arguably has an interest in the outcome, which may be considered by the jury. *See Whisenhunt v. Zammit*, 86 N.C. App. 425, 358 S.E.2d 114 (1987) (bias of expert witness proper subject for jury); *Willoughby v. Wilkins*, 65 N.C. App. 626, 310 S.E.2d 90 (1983) (expert witness could properly be examined concerning prior malpractice claims brought against him to show possible bias). Where, as in this case, there exist issues as to the weight to be given the evidence produced at the summary judgment hearing, as well as issues of credibility, the grant of summary judgment is error. For the reasons stated herein, we reverse and remand for a trial on the merits.

Reverse and Remand.

Judges WALKER and SMITH concur.