**BOWSER v. DURHAM HERALD CO.**

[181 N.C. App. 339 (2007)]

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

Judge GEER concurs.

Judge STEPHENS concurs prior to 31 December 2006.

———————————

JOE BOWSER v. THE DURHAM HERALD COMPANY

No. COA06-421

(Filed 2 January 2007)

**1. Libel and Slander— defamation—actual malice**

The trial court did not err in a defamation case by granting summary judgment in favor of defendant newspaper on the issue of whether defendant published an article with actual malice, because: (1) although the phrase "attempted to pressure" was not actually in the pertinent letter, the characterization of the encounter of 23 April 2003 was a rational interpretation of the allegations contained in the letter; (2) the United States Supreme Court has refused to allow recovery for choice of language which may reflect a misconception but is a rational interpretation of the material from a defendant's source; and (3) the pertinent statement was not bracketed by quotation marks, and thus, there was no attempt on the part of defendant to indicate that the witness actually made this statement.

**2. Libel and Slander— defamation—affidavits**

The trial court did not err in a defamation case by granting summary judgment in favor of defendant even though defendant presented affidavits to the trial court that allegedly raised questions concerning the credibility of the witnesses who provided affidavits to defendant, because: (1) the evidence included a witness's letter and defendant's article in addition to the affidavits submitted by defendant, and those items did not demonstrate actual malice on defendant's part; and (2) the affidavits were merely additional evidence for the trial court to consider on defendant's motion for summary judgment, but were not necessary to its decision.

Appeal by plaintiff from an order granting summary judgment entered 18 January 2006 by Judge James C. Spencer in Durham County Superior Court. Heard in the Court of Appeals 12 October 2006.

*Law Office of Charles M. Putterman by Charles M. Putterman for plaintiff-appellant.*

*The Bussian Law Firm, PLLC, by John A. Bussian for defendant-appellee.*

STEELMAN, Judge.

Plaintiff contends that there was a genuine issue of material fact as to whether defendant published an article with actual malice, and that summary judgment was improperly granted in favor of defendant. For the reasons stated herein, we affirm.

Joe Bowser ("plaintiff") was a member of the Durham County Board of Commissioners on 21 May 2004. The Durham Herald Company ("defendant") published an article in The Durham Herald-Sun newspaper on 21 May 2004 titled "Letter accuses commissioner of shady acts." This article was based upon a letter the Durham County Board of Commissioners received from Gayle Harris ("Harris"), a county employee. The letter stated that following a County Commissioners' meeting on 23 April 2003, plaintiff waited for Harris and walked with her to her car. Plaintiff repeatedly inquired about another county employee who was a friend of his. Harris also stated that plaintiff threatened to fire her. Defendant's article contained the following:

In the letter, Assistant Health Director Gayle Harris says Bowser attempted to pressure her to help his friend Lois Murphy, a disgruntled county employee who has alleged mistreatment by County Manager Mike Ruffin.

As a result of the article, plaintiff filed a complaint alleging defamation in Durham County Superior Court on 12 July 2004. Specifically, plaintiff alleged that the article contained a false and defamatory statement and exposed him to ridicule in his community. Defendant filed for summary judgment pursuant to N.C. R. Civ. Proc. 56 on 11 August 2004 based solely upon the fair reporting privilege. Defendant's motion was denied on 28 February 2005. On 25 August 2005, defendant filed a second motion for summary judgment, based upon the assertion that plaintiff failed to forecast evidence that de-

fendant published the article with actual malice. This motion was granted on 18 January 2006 and plaintiff's complaint was dismissed with prejudice. Plaintiff appeals.

Our standard of review on appeal from summary judgment is *de novo*, reviewing the record in the light most favorable to the non-movant. *Broughton v. McClatchy Newspapers, Inc.*, 161 N.C. App. 20, 26, 588 S.E.2d 20, 25 (2003). "By making a motion for summary judgment, a defendant may force a plaintiff to produce a forecast of evidence demonstrating that the plaintiff will be able to make out at least a prima facie case at trial." *Collingwood v. G. E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). When a plaintiff cannot prove an essential element of his claim, it is proper to enter summary judgment for the defendant. *Broughton*, 161 N.C. App. at 26, 588 S.E.2d at 26.

In the instant case, it is uncontested that plaintiff was a public official of Durham County at the time of the publication of the article. Therefore, his defamation claim is reviewed under the standard set forth in *New York Times Co. v. Sullivan*, 376 U.S. 254, 11 L. Ed. 2d 686 (1964): "Where the plaintiff is a 'public official' and the allegedly defamatory statement concerns his official conduct, he must prove that the statement was 'made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not.'" *Varner v. Bryan*, 113 N.C. App. 697, 703, 440 S.E.2d 295, 299 (1994) (quoting *New York Times Co.*, 376 U.S. at 279, 11 L. Ed. 2d at 706). Actual malice is proven if the defendant knew the published statement was false or acted with reckless disregard with respect to the veracity of the published statement. *Varner*, 113 N.C. App. at 703, 440 S.E.2d at 299. Minor inaccuracies are expected in media reporting due to translation, editing, and punctuation prior to publication. *Masson v. New Yorker Magazine*, 501 U.S. 496, 515, 115 L. Ed. 2d 447, 471 (1991). A published statement will only be considered false if it is so misleading that it produces a different effect on a reader's mind than would the truth. *Id.* 501 U.S. at 517, 115 L. Ed. 2d at 472.

The *New York Times* standard and its progeny are based upon our country's history of freedom of expression as evidenced by the First Amendment to the Constitution. "[D]ebate on public issues should be uninhibited, robust, and wide-open, and . . . it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." *New York Times*, 376 U.S. at 270, 11 L. Ed. 2d at 701. We consider the instant case in light of this precedent.

**[1]** In his first argument, plaintiff contends that the trial court erred in granting summary judgment for defendant because a genuine issue of material fact existed as to whether the published statement was made with actual malice. We disagree.

Plaintiff's argument rests on the fact that the phrase "attempted to pressure" was not actually in Harris' letter. We do not find this argument to be persuasive. The record shows that this characterization of the encounter of 23 April 2003 was a rational interpretation of the allegations contained in the letter. Plaintiff asked Harris at least three times during their conversation about his friend. He moved closer to her while raising his voice. Finally, he made a threat against her job. We believe that defendant's choice of language that plaintiff "attempted to pressure" Harris was a fair one. Indeed, the United States Supreme Court has refused to allow recovery for choice of language which may reflect a misconception but is a rational interpretation of the material from a defendant's source. *Masson*, 501 U.S. at 519, 115 L. Ed. 2d at 474.

We further note that the statement complained of was not bracketed by quotation marks. Thus, there was no attempt on the part of defendant to indicate that Harris actually made this statement. *See Masson*, 501 U.S. at 519, 115 L. Ed. 2d at 474.

**[2]** In his second argument, plaintiff contends that summary judgment was improperly granted because defendant presented affidavits to the trial court that raised questions concerning the credibility of some of the witnesses who provided affidavits to defendant. We disagree.

Plaintiff cites cases where the only evidence before the trial court was a witness or an affidavit, and the credibility of the witness or affiant was at issue. *See, e.g., Locklear v. Langdon*, 129 N.C. App. 513, 517, 500 S.E.2d 748, 751 (1998); *Lee v. Shor*, 10 N.C. App. 231, 235, 178 S.E.2d 101, 104 (1970). Neither of the cited cases was an action for defamation. The instant case is distinguishable. The evidence before the trial court included Harris' letter and defendant's article in addition to the affidavits submitted by defendant. As previously discussed, the letter and article on their face do not demonstrate actual malice on the part of defendant. The affidavits were merely additional evidence for the trial court to consider on defendant's motion for summary judgment, but were not necessary to its decision. This argument is without merit.

Because we have held that the trial court properly granted summary judgment for defendant, we do not address defendant's cross-assignment of error. N.C. R. App. P. 10(d) (2006); *see also Carawan v. Tate,* 304 N.C. 696, 701, 286 S.E.2d 99, 102 (1982).

We hold that plaintiff failed to forecast evidence that defendant published the article with actual malice. Summary judgment was properly entered for defendant.

AFFIRMED.

Judge GEER concurs.

Judge STEPHENS concurs prior to 31 December 2006.