STATE OF NORTH CAROLINA v. BRADLEY PAUL BLYMYER

No. COA09-1722

(Filed 6 July 2010)

**1. Sentencing— erroneous consolidated sentence—first-degree murder—robbery with dangerous weapon**

The trial court erred by consolidating for judgment defendant's convictions for first-degree murder and robbery with a dangerous weapon where the jury did not specify whether it found defendant guilty of first-degree murder based on premeditation and deliberation or on felony murder. Thus, the conviction for robbery with a dangerous weapon was arrested.

**2. Evidence— gruesome photographs—victim's body**

The trial court did not commit plain error in a first-degree murder and robbery with a dangerous weapon case by admitting multiple gruesome photographs of the victim's body. Defendant's constitutional arguments that he raised for the first time on appeal were dismissed. Further, the photos of the victim's body had probative value and, in conjunction with the testimony of two witnesses, were not substantially outweighed by their prejudicial effect.

**3. Evidence— prior crimes or bad acts—broke into and stole from two houses near time of victim's death—motive**

The trial court did not err in a first-degree murder and robbery with a dangerous weapon case by admitting into evidence testimony that defendant broke into and stole from two houses near the time of the victim's death. The admission of testimony

regarding defendant's acts of theft to support his addiction was relevant to illustrate defendant's motive for stealing from the victim, and thus, permissible under N.C.G.S. § 8C-1, Rule 404(b).

Appeal by defendant from judgment entered 12 August 2009 by Judge John L. Holshouser, Jr., in Rowan County Superior Court. Heard in the Court of Appeals 24 May 2010.

*Attorney General Roy ,Cooper, by Special Deputy Attorney General Richard L. Harrison, for the State.*

*Haral E. Carlin for defendant-appellant.*

BRYANT, Judge.

Defendant Bradley Blymyer appeals from a judgment and commitment entered in Rowan County Superior Court consistent with a jury verdict finding him guilty of first-degree murder and robbery with a dangerous weapon. For the reasons stated herein, we find no error at trial and arrest judgment as to the conviction for robbery with a dangerous weapon.

On 16 November 2006, Kathy McBride stopped to visit with sixty-two year old Jimmy Musselwhite, the victim, at 125 Verlen Drive in Rowan County, and discovered his body. McBride noted that the victim's hands were behind his back, bound with duct tape and that a baseball bat was lying on the floor beside him. A medical examiner later determined that the victim died from multiple blunt and sharp force trauma injuries to his head and neck and had been dead between three to seven days. Sergeant Chad Moose, a deputy with the Rowan County Sheriff's Department, investigated the homicide, and on 26 February 2007, the Rowan County Superior Court Clerk issued an arrest warrant charging defendant Bradley Paul Blymyer with first-degree murder.

Joshua Shaffer, a witness for the prosecution, testified that he and defendant had been friends since the fifth grade and both began abusing prescription medication when Shaffer was seventeen years old. On 10 November 2006, Shaffer and defendant planned to acquire prescription pills from the victim, who was prescribed pain medication for a medical condition affecting his legs. Shaffer testified that he and defendant went to the victim's residence, knocked on the door, and were admitted. Shaffer and defendant carried gloves; Shaffer carried a .25 caliber pistol; and defendant carried a knife and duct tape. Shaffer asked the victim if he was willing to sell some of his pills.

**STATE v. BLYMYER**

[205 N.C. App. 240 (2010)]

When the victim refused, Shaffer displayed the pistol and stated "that we was [sic] going to have to take them then." Shaffer ordered the victim onto the floor, and defendant taped the victim's hands. Shaffer collected the loose change on the counter, approximately $80.00 from the victim's wallet, and two pill bottles of prescription medication. When, the victim stated that he was going to call the police, Shaffer picked up a baseball bat and struck the victim in the head twice. Once the victim lost consciousness, Shaffer began searching the residence. While searching a back room, Shaffer testified that he heard what sounded like someone being hit with a baseball bat approximately three times. Shaffer returned to find the victim lying on the floor "making a gurgling sound." Shaffer and defendant left. They split the stolen pills and used the money to purchase more pills.

In addition to this testimony, Shaffer and six other witnesses testified to defendant's acts of breaking and entering and stealing to support his addiction.

After the close of the evidence, a jury convicted defendant of first-degree murder and robbery with a dangerous weapon. The trial court consolidated the two convictions and entered judgment sentencing defendant to life imprisonment. Defendant appeals.

On appeal, defendant raises the following eight issues: Did the trial court err by (I) consolidating for judgment the convictions for first-degree murder and robbery with a dangerous weapon; (II) admitting photographs of the victim's body; and (III, IV, V, VI, VII, VIII) admitting testimony regarding prior break-ins.

*I*

[1] Defendant argues that the trial court committed error by consolidating for judgment the convictions for first-degree murder and robbery with a dangerous weapon where the jury did not specify whether it found defendant guilty of first-degree murder based on premeditation and deliberation or on felony murder. We agree.

> The crime is first-degree murder. Premeditation and deliberation and felony murder are theories which the State may use, pursuant to N.C.G.S. § 14-17, to convict a defendant of first-degree murder. However, a defendant is convicted of the crime, not of the theory. When a defendant is convicted of felony murder only, the underlying felony constitutes an element of first-degree murder and merges into the murder conviction. Consequently, if a defendant

is convicted only of first-degree felony murder, the underlying felony cannot be used as an aggravating circumstance at the sentencing proceeding, nor if convicted of the underlying felony can a defendant be sentenced separately for that felony.

*State v. Millsap*, 356 N.C. 556, 560, 572 S.E.2d 767, 770 (2002) (internal citations omitted).

But when a jury is properly instructed upon both theories of premeditation and deliberation and felony murder, and returns a first[-]degree murder verdict without specifying whether it relied on either or both theories, the case is treated as if the jury relied upon the felony murder theory for purposes of applying the merger rule.

*State v. Silhan*, 302 N.C. 223, 262, 275 S.E.2d 450, 477 (1981), *overruled on other grounds by State v. Sanderson*, 346 N.C. 669, 448 S.E.2d 133 (1997).

Here, the jury found defendant guilty of first-degree murder and robbery with a dangerous weapon but did not specify upon which theory the murder conviction was premised. Therefore, we hold that the crime of robbery with a dangerous weapon merged with that of the murder. *See id.* Accordingly, we arrest judgment as to defendant's conviction for robbery with a dangerous weapon.

*II*

[2] Next, defendant argues that the trial court committed plain error by admitting gruesome photographs of the victim's body. Defendant argues that the admission amounted to a violation of defendant's rights under the constitutions of the United States and North Carolina and a violation of Rules 401 and 403 of our Rules of Evidence. Defendant argues that several of the photographs had little probative value and were grotesque, redundant, and solely intended to inflame the passions of the jury. We disagree.

Defendant raises these issues for the first time on appeal. "Constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal." *State v. Lloyd*, 354 N.C. 76, 86-87, 552 S.E.2d 596, 607 (2001) (citation omitted). Therefore, we dismiss defendant's arguments pertaining to potential constitutional violations.

When the issues not preserved for appeal involve errors in the trial court's instructions to the jury or rulings on the admissibility of

evidence, we review them for plain error. *State v. Cummings*, 346 N.C. 291, 313-14, 488 S.E.2d 550, 563 (1997); *see also*, N.C. R. App. P. 10(b)(4) (2008). We limit our review to defendant's argument that the admission of photographs of the victim's body violated Rules of Evidence 401 and 403 and amounted to plain error.

> The plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where [the error] is grave error which amounts to a denial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to the appellant of a fair trial or where the error is such as to seriously affect the fairness, integrity or public reputation of judicial proceedings . . . .

*State v. Cummings*, 346 N.C. 291, 314, 488 S.E.2d 550, 563-64 (1997) (citation omitted).

"Photographs are usually competent to explain or illustrate anything that is competent for a witness to describe in words, and properly authenticated photographs of a homicide victim may be introduced into evidence under the trial court's instructions that their use is to be limited to illustrating the witness's testimony." *State v. Hennis*, 323 N.C. 279, 283-84, 372 S.E.2d 523, 526 (1988) (internal citations omitted). "Photographs of a homicide victim may be introduced even if they are gory, gruesome, horrible or revolting, so long as they are used for illustrative purposes and so long as their excessive or repetitious use is not aimed solely at arousing the passions of the jury." *State v. Goode*, 350 N.C. 247, 258, 512 S.E.2d 414, 421 (1999) (citation omitted). "Photographs depicting the condition of the victim's body, the nature of the wounds, and evidence that the murder was done in a brutal fashion provide the circumstances from which premeditation and deliberation can be inferred. The large number of photographs, in itself, is not determinative." *State v. Hyde*, 352 N.C. 37, 54, 530 S.E.2d 281, 293 (2000) (internal citations and brackets omitted).

Here, the trial court admitted twenty-eight photographs and diagrams of the inside of the mobile home in which the victim was found. Of the twenty-eight photograph or diagrams, twelve depicted the victim's body. The trial court also admitted an additional eleven photographs taken during the autopsy. Testifying for the State,

Sergeant Chad Moose used photos from inside the victim's mobile home to illustrate the position and general condition of the victim's body in the room where he was found, as well as the injuries the victim sustained. Dr. Thomas Owen, a forensic pathologist and medical examiner with the Mecklenburg County Medical Examiner's Office, testified as an expert in forensic pathology to his observations while performing an autopsy. The State introduced photos which Dr. Owen used to illustrate the condition of the body as it was received and during the course of his examination. We hold that the photos of the victim's body had probative value. Furthermore, the probative value of the photos in conjunction with the testimony of Sergeant Moose and Dr. Owen was not substantially outweighed by their prejudicial effect. Therefore, we hold the trial court's admission of the photographs did not amount to error, much less "something so basic, so prejudicial, so lacking in its elements that justice cannot have been done . . . ." *Cummings,* 346 N.C. at 314, 488 S.E.2d at 563-64 (citation omitted). Accordingly, we overrule defendant's argument.

### *III, IV, V, VI, VII,* and *VIII*

[3] Defendant argues that the trial court erred by admitting into evidence testimony that defendant broke into and stole from two houses near the time of the victim's death. Defendant contends that the evidence was admitted in violation of Rule 404(b). We disagree.

Under Rule 404, "Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion . . . ." N.C. R. Evid. 404(a) (2009). However, "[e]vidence of other crimes, wrongs, or acts . . . [may] be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." N.C. R. Evid. 404(b) (2009). Still, "relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. R. Evid. 403 (2009).

Seven witnesses testified to defendant's bad acts. We review a trial court's determination to admit evidence over objection under Rules 404(b) and 403 for abuse of discretion. *See State v. Lofton,* 193 N.C. App. 364, 373, 667 S.E.2d 317, 323 (2008) (reviewing evidence admitted under Rule 403); *State v. Aldridge,* 139 N.C. App. 706, 714, 534 S.E.2d 629, 635 (2000) (reviewing evidence admitted under Rule

**STATE v. BLYMYER**

[205 N.C. App. 240 (2010)]

404(b)). However, where the record does not indicate an issue regarding an evidentiary admission was preserved for appellate review, we review the admission only for plain error. *See Cummings*, 346 N.C. at 313-14, 488 S.E.2d at 563; *see also*, N.C. R. App. P. 10(b)(4).

On appeal, defendant challenges the testimony of Joshua Shaffer, Terry Holshouser, State Bureau of Investigation (SBI) Agent Steven Holmes, Melissa Freeze, Starla Holshouser Taylor, and Lieutenant Register Bost of the Rowan County Sheriff's Department. However, defendant failed to object before the trial court to the testimony he now challenges. Therefore, we review the admission of the testimony for plain error. *See Cummings*, 346 N.C. at 313-14, 488 S.E.2d at 563; *see also*, N.C. R. App. P. 10(b)(4).

First, we consider the testimony of Joshua Shaffer. In substance, Shaffer testified that he and defendant broke into the homes of David Wright—Shaffer's stepfather—and Terry and Teresa Holshouser—the parents of Shaffer's girlfriend, Starla Holshouser Taylor—to support their addiction to prescription pain killers. Shaffer also testified that on 31 October 2006, he and defendant attempted to steal prescription pain medication from the victim. Defendant went to the victim's residence wearing gloves, a bandanna over his mouth, and carrying a knife, but the two could not gain access to the victim's home.

The testimony of Terry Holshouser, Agent Steven Holmes of the State Bureau of Investigation, Melissa Freeze—defendant's girlfriend, Starla Holshouser Taylor, and Lieutenant Register Bost of the Rowan County Sheriff's Department tended to corroborate Shaffer's testimony that defendant, like Shaffer, was motivated by his addiction to prescription medication. Therefore, we hold that the admission of testimony regarding defendant's acts of theft to support his addiction was relevant to illustrate defendant's motive for stealing from the victim and thus permissible under Rule 404(b). Accordingly, defendant's argument is overruled.

No error at trial, judgment arrested as to the conviction for robbery with a dangerous weapon.

MARTIN, Chief Judge and ELMORE, Judge concur.